COPAKE LAKE DEVELOPMENT CORP., Respondent-Appellant, v. SIDNEY ZASULY et al., Appellants-Respondents. (Action No. 1.) COPAKE LAKE DEVELOPMENT CORP., Appellant, v. SIDNEY ZASULY, Respondent. (Action No. 2.) — Judgment, Supreme Court, New York County, entered on January 30, 1970, unanimously modified, on the law and the facts to the extent of granting judgment in favor of Copake Lake Development Corporation for cancellation of the $35,000 mortgage and for damages in the amount of $75,000, plus interest for unpaid rent, $16,682.40 plus interest for one half of Zasuly's salary and $28,793.45 for wages paid to employees of Vacation. The judgment is otherwise affirmed, without costs and without disbursements. This consolidated action was tried to the court without a jury. The two protagonists in this legal battle involving control of the Copake Lake Development Corporation (the Corporation) are Sidney Zasuly and Irving Fertel. The first action was brought by the Corporation for damages for waste and the second action was brought by the Corporation for declaration of ownership of a $35,000 mortgage. The main counterclaim of Zasuly was for return of stock allegedly wrongfully appropriated by Fertel. The Corporation was formed in 1945 to take title to real property located in Craryville, New York. The property prior to this time had been developed as a resort area and leased by Zasuly. Cash in the amount of $51,000 was supplied by Fertel through various nominees in order to complete the purchase of the property. Further improvements on the property and necessary operating expenses after 1945 were provided through additional advances of Fertel's money. The resort was managed and operated through various lessees, the latest one being Vacation Island, Inc. (Vacation). Documentation of the business relations of Zasuly and Fertel is sparse but we agree with the findings of the Trial Justice that the beneficial ownership of 100% of the shares of the Corporation rests in Fertel. We also agree that Fertel basically provided the funding and Zasuly was the active manager of the property. Contrary to the Trial Justice, however, we find that Zasuly loaned sums of money as nominee of Fertel on many occasions and that the $35,000 mortgage allegedly held by Zasuly and owned by the Corporation was actually owned by Fertel. In addition thereto, we find that there was waste and mismanagement on the part of Zasuly. Zasuly drew his salary solely from the Corporation though he spent at least half his time running Vacation. In addition thereto, the payroll of Vacation employees was drawn wholly from the assets of the Corporation. Rent was substantially not paid since 1964. We reject, therefore, those findings and conclusions of the trial court not in consonance herewith and for which we substitute those implicit in this decision. Settle order on notice. Concur — Markewich, J. P., Kupferman, Murphy, Lane and Tilzer, JJ.